**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOY LUCRETIA CLARK,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-0885** |
| | : | |
| **PNC BANK,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**MARSTON, J.**                                    **June 17, 2025**

Plaintiff Joy Lucretia Clark filed this civil action against PNC Bank ("PNC"), alleging that it wrongfully denied her application for a business trust account.[1] (Doc. No. 2.) She also seeks leave to proceed *in forma pauperis*. (Doc. Nos. 1, 6.) For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss her Complaint under 28 U.S.C. § 1915(e)(2)(B).

**I.    FACTUAL ALLEGATIONS**[2]

The Complaint contains few facts. Clark alleges that PNC Bank verbally informed her on February 5, 2025, that it had denied her business trust account application. (Doc. No. 2 at 7.)

---

[1] Clark submitted a form complaint and attached a letter from Clark that is addressed to Robert Q. Reilly at PNC Bank. (*See* Doc. No. 2 at 7–8.) The Court will consider these documents together to constitute the Complaint. The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

[2] Clark has filed seven civil actions since October 2024 including this one, six of which are related to her finances and allege wrongdoing by various banks, credit reporting agencies, and lenders. *See Clark v. Navy Fed. Credit Union*, No. 24-cv-5446 (E.D. Pa.); *Clark v. Experian*, No. 25-cv-0792 (E.D. Pa.); *Clark v. Orphans Court Phila.*, No. 25-cv-0838 (E.D. Pa.); *Clark v. TD Bank*, No. 25-cv-0881 (E.D. Pa.); *Clark v. Dep't of Educ.*, 25-cv-0883 (E.D. Pa.); *Clark v. SoFi*, No. 25-cv-0909 (E.D. Pa.). The injuries alleged in this action, such as "hardship" and "pain [and] suffering," echo the complaints of injury in her other personal finance-related actions, as does her request for relief in the form of "[a] claim for liability for [PNC's] dishonesty bond." (Doc. No. 2 at 5.)

Clark apparently prepared a February 16, 2025, letter in response to PNC, which is attached to her Complaint and contains her factual and legal allegations in this action.  (*Id*. at 7–8.)  In that letter, she states that PNC denied her application "based on the established date of the trust and the location where the trust was created."  (*Id*. at 7.)  She contends that these recited reasons do not constitute valid or legal grounds for denying her business trust application, "as both aspects were clearly outlined in the abstract of trust." (*Id*.)

Clark initiated this civil action against PNC on February 19, 2025.  Her stated injuries are "[h]ardship, discrimination, violation of [her] rights, pain[, and] suffering."  (*Id*. at 5.)  As relief, she seeks "[a] claim for liability for their dishonesty bond on the grounds of discrimination, and abuse of process."  (*Id*.)

## II.    STANDARD OF REVIEW

Clark appears to be incapable of paying the filing fees to commence this action, so the Court will grant her leave to proceed *in forma pauperis*.  When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, among other things, that the Complaint is frivolous or fails to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).  A complaint is frivolous if it "lacks an arguable basis either in law or in

---

Thus far, Clark has yet to state a legal basis for her civil actions, and four of Clark's cases have been dismissed with prejudice.  *See Clark v. Navy Fed. Credit Union*, No. 24-cv-5446, Doc. No. 15 (May 27, 2025 Order dismissing case with prejudice for failure to state Fair Credit Reporting Act or Truth in Lending Act claims); *Clark v. Orphans Court Phila.*, No. 25-cv-0838, Doc. No. 8 (April 25, 2025 Order dismissing case with prejudice on immunity grounds); *Clark v. TD Bank*, No. 25-cv-0881, Doc. No. 8 (May 27, 2025 Order dismissing case with prejudice for failure to state claims under the Gramm-Leach-Bliley Act, the Massachusetts Data Breach Notification Law, and the New York Shield Act); *Clark v. SoFi*, No. 25-cv-0909, Doc. No. 6 (June 4, 2025 Order dismissing case with prejudice for failure to state claims under the National Currency Act of 1863, the Federal Deposit Insurance Act, the Truth in Lending Act, or the Equal Credit Opportunity Act).  Clark is warned that the continued abuse of the judicial process and of *in forma pauperis* status may result in the denial of an application to proceed *in forma pauperis* in the future.  *See Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008) (*per curiam*) (affirming district court's denial of *in forma pauperis* motion based on litigant's "abusive filings," where litigant "repeatedly and unsuccessfully filed lawsuits" claiming civil rights violations, which "required the expenditure of significant judicial resources").

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

In assessing the Complaint under §1915(e)(2)(B)(ii), the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). When the litigation is in this early stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

## III.    DISCUSSION

### A.    Declaratory Relief

Clark's request for relief is not at all clear.  In response to the form Complaint's prompt asking for litigants to state what they want the Court to do and the amount and basis of monetary compensation sought, Clark answered:  "claim for liability for their dishonesty bond on the

grounds of discrimination, and abuse of process." (Doc. No. 2 at 5.) The Court understands this statement to seek some sort of declaratory relief, but such relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). While a plaintiff may seek declaratory judgment to define the legal rights of the parties, Clark may not ask for declaratory relief to "adjudicate past conduct where there is no threat of continuing harm." *Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021) (*per curiam*). This request for relief will accordingly be dismissed.

### B.    Statutory Claims

To the extent that Clark seeks any non-declaratory relief in this action, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Although Clark acknowledges that "no specific federal law [ ] governs the denial of a business trust account application," she cites to the Fair Housing Act ("FHA"), the Consumer Financial Protection Act, and the Equal Credit Opportunity Act in her letter as safeguarding borrowers' rights to fairness, transparency, and non-discrimination. (Doc. No. 2 at 7–8.) However, insofar as she intends to proceed under any of those laws, none provides a basis for her federal action here.

### 1.    Fair Housing Act

Clark references the FHA, but its provisions do not apply to the opening of an account like the one Clark alleges. The FHA prohibits discrimination based on race, color, religion, sex, familial status, national origin, or disability in the rental or sale of a dwelling. *See* 42 U.S.C. §

3604.  The FHA also makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section . . . 3604 . . . of this title."  *Id.* § 3617.

Clark's civil action concerns the purported denial of a business trust account and contains no factual or legal allegations related to a dwelling or the use or enjoyment of such.  *See* 42 U.S.C. § 3604(f)(3)(B).  Nor does she claim any discrimination based on membership in a protected class.  *Id.*; 42 U.S.C. § 3617.  Besides a citation to the FHA, Clark's complaint contains no connection to the FHA.  The Court will dismiss the FHA claim with prejudice because it is factually and legally baseless.  28 U.S.C. § 1915(e)(2)(B)(i).

### 2.    Consumer Financial Protection Act

Clark cites to the Consumer Financial Protection Act, but she cannot pursue a private civil claim under that Act, either.  That Act governs the activities of the Consumer Finance Protection Bureau and provides that the Bureau may take certain actions "to prevent a covered person or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service."  12 U.S.C. § 5531(a).  Nothing in the Act creates a private cause of action, however; it only empowers the Bureau to bring a case.  *Cornwall v. Centerstate Bank of Fla., N.A.*, No. 16-cv-1249, 2016 WL 3219725, at *1 (M.D. Fla. June 10, 2016) ("The only substantive federal law cited in the complaint is 12 U.S.C. § 5564(f), the Consumer Financial Protection Act of 2010. That law does not authorize a private cause of action.").  Accordingly, any claim asserted under the Consumer Financial Protection Act is not plausible and will be dismissed with prejudice.

### 3.    Equal Credit Opportunity Act

The Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, prohibits a creditor from discriminating against "any applicant with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age . . . (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter."  15 U.S.C. § 1691(a).  Clark's claim on this ground is also deeply flawed.

Clark claims that PNC informed her by phone that it was denying her application "based on the established date of the trust and the location where the trust was created."  (Doc. No. 2 at 7.)  She alleges that these reasons provided for the denial are not legal because "both aspects were clearly outlined in the abstract of trust."  (*Id.*)  Construing these allegations generously, the Court cannot discern a plausible cause of action under the Equal Credit Opportunity Act, primarily because the Complaint does not contain any claims that PNC denied credit based on one of the grounds prohibited under the Act.  *See Hartman v. Bank of N.Y. Mellon*, 650 F. App'x 89, 91–92 (3d Cir. 2016) (*per curiam*) (affirming district court's dismissal of complaint in absence of any factual allegations to support Equal Credit Opportunity Act claim).  Rather, Clark alleges that PNC erred in its denial because both the established date and location of the trust "were clearly outlined in the abstract of trust," which she presumably supplied to PNC.  Not only does the Complaint fail to allege a plausible claim under the Act, it does not contain any facts expressly or implicitly suggesting that discrimination played any role in the alleged denial of her loan.  The Court will therefore dismiss the Equal Credit Opportunity Act claim under 28 U.S.C. § 1915(e)(2)(B).

**IV.    CONCLUSION**

For the reasons stated above, the Court will dismiss Clark's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  No leave to amend will be granted because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir 2002).

An appropriate Order follows.